## L. B. RUCKER *v.* THOMAS S. JOHNSTON.

**Trial—False Statement of Witness—Instructions on—Argument of Coun-sel Upon Facts Not Appearing in the Record.**

Appellant asked for an instruction to the effect that, if any wit-ness for appellee had sworn to a material fact on the trial, knowing at the time that the statement was false, the jury had the right to disregard his whole testimony. This instruction the court below refused to give.

Held, that the instruction should have been given and that the defendant's case was prejudiced by the argument of counsel for appellee.

APPEAL FROM CALDWELL CIRCUIT COURT.

March 21, 1872.

OPINION BY JUDGE PRYOR:

After a careful examination of the facts presented in this rec-ord we are satisfied that the appellant should have been awarded a new trial. The principle and, in fact, the only witness upon whose testimony the money in controversy was traced to the hands of the appellant and himself once had possession of it and was sued for failing to pay it over. In his answer to that suit he attempted to make an evasive denial of his knowledge in re-gard to the package, says "that Cobb told him upon handing him a letter that it contained a little money, and that by some mistake he lost said letter without any neglect on his part. This answer was sworn to by the witness (Davis) and upon the trial of the present suit he swears that the statements in the answer made by him were not true, and that he knew at the time of swearing to them they were not true, and that he delivered the package or letter to the appellant Rucker. The court in the instruction given to the jury said to them in substance that if the appellant obtained the package of money and failed to pay it over to the party entitled upon demand, that he was liable. We perceive no objection to this instruction, but after the case was submitted to the jury and whilst the counsel for the appel-lee was making his argument, the appellant's counsel asked for an additional instruction to the effect that if any witness for the appellee had sworn to a material fact on the trial knowing at the

time that the statement was false, they have the right to disregard his whole testimony. This instruction the court refused to give and permitted the counsel for the appellee in his concluding argument to appeal to the prejudices of the jury upon a statement of facts not appearing in the record. That evidently when taken in connection with the refusal to give the instruction prejudiced the defense in the case. The instruction ought to have been given and particularly after the concluding argument had been made by counsel for the appellee. The judgment of the court below is reversed and the cause remanded with directions to set aside the verdict and give the appellants a new trial.

*F. W .Darby,* for appellant.

*Jas. R. Hewlett,* for appellee.